Donald J. Kennedy
Gary D. Sesser
Laura A. Reeds
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, NY 10005
Tel: (212) 732-3200
Fax: (212) 732-3232
*Attorneys For Defendant Regalindo Resources Pte Ltd.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SEATREK TRANS PTE LTD.,

                         Plaintiff,                    08 CIV 00551 (LAP)

      v.                                        **AFFIDAVIT OF**
                                             **DONALD J. KENNEDY**

REGALINDO RESOURCES PTE LTD.,

                        Defendant.

------------------------------------------------------------X

STATE OF NEW YORK        )
                                       : ss.:
COUNTY OF NEW YORK    )

      Donald J. Kennedy, being duly sworn, deposes and says:

      1.      I am a member of the law firm of Carter Ledyard & Milburn LLP, counsel for the defendant, Regalindo Resources Pte Ltd. ("Regalindo"). I submit this affidavit in support of

6281327.1

Regalindo's motion to vacate the process of maritime attachment and garnishment issued herein and to dismiss the complaint.

2.  The plaintiff, Seatrek Trans Pte Ltd. ("Seatrek") on January 22, 2008 filed a complaint including five exhibits.

3.  It is submitted that based on the allegations in the complaint and Exhibits 1-5 attached thereto, the following facts are undisputed.

   a)  Plaintiff Seatrek is a company organized under the laws of Singapore (Complaint ¶ 2).
   b)  Defendant Regalindo is a corporation organized under the laws of Singapore (Complaint ¶ 3).
   c)  R.S. Platou Singapore based in Singapore acted as a shipbroker on behalf of Seatrek.
   d)  Morton Marine Co. Ltd. based in Taiwan acted as a shipbroker on behalf of Regalindo.
   e)  The M.V. Startec is a Hong Kong flag vessel and was the subject of the negotiation between Seatrek and Regalindo via brokers (Complaint, Ex. 2, Clause 77).
   f)  Seatrek alleges that pursuant to a recap fixture, a charter party ("Charter") was drawn up (Complaint ¶ 5 and Ex. 2).
   g)  The Charter attached as Exhibit 2 to the complaint, among other terms, provides that:
       1)  The Charter was made and concluded in Singapore (Ex. 2, line 1).

       2)  Payment of Charter hire was to be made to a bank in Singapore (Ex. 2, Clause 79).

    3)    Any dispute under the Charter was to be settled by arbitration in Singapore with English law to apply (Ex. 2, Clause 39).

    4)    The vessel's trading was restricted to the "CIS Pacific" and Singapore, North Korea, South Korea, China, Hong Kong, Taiwan, Philippines, Vietnam, Thailand, Malaysia, Singapore and Indonesia <u>only</u> (Ex. 2, line 15 and Clause 48, Trading Exclusion).

4.    The trading restriction "CIS Pacific" in the Charter, refers to the Commonwealth of Independent States (CIS) of the former Soviet Republic and in the shipping industry the vessel's trading is restricted to that area of the Pacific ocean with borders in the CIS. Therefore, the trading restrictions in the Charter excluded the M.V. Startec from trading to or from the United States.

Dated: New York, New York
       February 22, 2008

_____
Donald J. Kennedy

Sworn to before me this
22nd day of February, 2008

_____
NOTARY PUBLIC

DAWN M. O'CONNELL
Notary Public, State of New York
No. 01OC5011734
Qualified in Queens County
Commission Expires June 15, 20_11_

-3-

6281327.1