BLANK ROME LLP
Attorneys for Plaintiff
Jeremy J.O. Harwood (JH 9012)
405 Lexington Avenue
The Chrysler Building
New York, NY 10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEATREK TRANS PTE LTD., <br><br> Plaintiff, <br><br> - against - <br><br> REGALINDO RESOURCES PTE LTD., <br><br> Defendant. | 08 Civ. 00551 (LAP) <br><br> **AFFIDAVIT OF** <br> **JEREMY J.O. HARWOOD** |

STATE OF NEW YORK      )
                                           : ss.:
COUNTY OF NEW YORK   )

JEREMY J.O. HARWOOD, being duly sworn, deposes and says:

1.    I am a member of the Bar of this Honorable Court and a member of the

firm of Blank Rome, LLP, attorneys for the Plaintiff, Seatrek Trans Pte Ltd. ("Seatrek")

herein. I am familiar with the circumstances of the complaint and submit this affidavit in

opposition to the motion to vacate a process of maritime attachment and garnishment of

the property of defendant Regalindo Resources Pte, Ltd., ("Regalindo") a company

organized and existing under the laws of Singapore, issued pursuant to Rule B of the

Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure (the "Attachment Order").

2.      I attach as Exhibit 1 hereto a copy of an Attachment obtained by Regalindo's counsel in another Rule B case in this Court.

3.      I attach as Exhibit 2 hereto the Attachment Order dated January 23, 2008.

4.      The Complaint was expressly filed without prejudice to Seatrek's alleged right of Singapore arbitration. Id., ¶ 16.

5.      Both parties have appointed arbitrators.

## SERVICE OF THE ATTACHMENT ORDER ON BONY

6.      Initial personal service of the Attachment Order was made on the Bank of New York on January 24, 2008 by an independent process server. I attach as Exhibit 3 hereto an affidavit of service.

7.      BONY has a long-standing agreement that following the initial personal service of a Rule B attachment order it will accept subsequent service by electronic means and that such service will, upon receipt, be "deemed continuous throughout the time of such service," so as to avoid hourly service.

8.      Pursuant to such agreement, electronic service was made on a daily basis (until suspended by direction of the Singapore Court, as described below).

9.      Electronic service was made, inter alia, on February 5 and 6, 2008.

10.     BONY advised me of attachment of an electronic fund transfer on February 5, 2008 in the sum of $249,975.

2

11.    On February 6, 2008, I wrote by courier letter to Regalindo advising of the attachment and providing, inter alia, a copy of the Rule B Complaint and asking that Regalindo "contact us if you have any questions or concerns." Ex. 4 hereto, without attachments.

12.    The letter referred to and was intended to satisfy Local Rule B.2 of "prompt notice."

## THE SINGAPORE APPLICATION

13.    On or about February 27, 2008 Regalindo applied to the High Court of the Republic of Singapore (the "Singapore Court"). The Application seeks, inter alia, to enjoin further service of the Attachment Order on garnishee banks by way of an anti-suit injunction, and release of all sums attached. Ex. 5 hereto.

14.    Regalindo's U.S. counsel, Donald Kennedy, Esq., submitted an affidavit in support of the Application. Ex. 6 hereto, without Exhibits.

15.    Seatrek's Singapore counsel appeared at a hearing on February 27, 2008 in the Singapore Court to request an adjournment on the Application so as to be able to submit rebuttal evidence to the Kennedy Affidavit.

16.    At the time of the hearing Regalindo's Singapore counsel argued, and the Singapore Court agreed, that any adjournment would be conditioned upon Seatrek ceasing and desisting from service of the Attachment Order.

17.    On February 27, 2008 Seatrek advised the garnishee banks that it had ceased and desisted service of the Attachment Order, as confirmed in my letter to the Court of the same date, Ex. 7 hereto.

3

18.     Because my letter also referred to Regalindo's interference with this Court's <u>quasi</u> <u>in</u> <u>rem</u> jurisdiction Regalindo obtained a further direction from the Singapore Court that Seatrek would not seek an anti-suit injunction from the Court.

19.     The Singapore Court will hear the Application on March 31, 2008.

Jeremy J.O. Harwood

Sworn to before me this
10th day of March, 2008

Notary Public

**BARBARA WALSH**
**Notary Public, State of New York**
**No. 01WA4925486**
**Qualified in Queens County**
**Commission Expires August 15, 2010**

129054.00601/6622846v.1

# EXHIBIT 1

ORIGINAL

$BATT)$

Donald J. Kennedy
William H. Sloane
Laura Anne Reeds
Carter Ledyard & Milburn LLP
Two Wall Street
New York, New York 10005-2072
Tel. No. 212-238-8707
Attorneys for Plaintiff
Alumina & Bauxite Company Ltd.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _10/31/07_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
Alumina & Bauxite Company Ltd.,                                   :
                                                                  :
                              Plaintiff,                          :    07 Civ. 9647 (DAB)
                                                                  :
                                                                  :    ECF CASE
                    - against -                                   :
                                                                  :    **EX PARTE ORDER FOR**
                                                                  :    **PROCESS OF MARITIME**
Oldendorff Carriers GmbH & Co. KG, Mercury                        :    **ATTACHMENT**
Shipping & Trading Ltd., Dmitry Osipov, Natica                    :
Shipping Ltd., John Does 1-5 (fictitious) and John                :
Does, Inc. 1-5 (fictitious),                                      :
                                                                  :
                              Defendants.                         :
                                                                  :
------------------------------------------------------------------X

        WHEREAS, on October 30, 2007 Plaintiff, Alumina & Bauxite Company Ltd.,

filed a Verified Complaint herein for damages amounting to $509,402,591 inclusive of

interest, costs and reasonable attorney's fees, and praying for the issuance of Process of

Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental

Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules and

Civil Procedure; and

6237130-1

WHEREAS, the Process of Maritime Attachment and Garnishment would command that the United States Marshal or other designated process server attach any and all of the Defendants' property within the District of this Court; and

WHEREAS, the Court has reviewed the Verified Complaint and the Supporting Affidavit, and the conditions of Supplemental Admiralty Rule B appearing to exist, it is hereby

ORDERED, that Process of Maritime Attachment and Garnishment shall issue against all tangible or intangible property belonging to, claimed by or being held for the Defendants by any garnishees within this District, including but not limited to, American Express Bank, Bank of America, N.A., Bank of New York, Barclay's Bank, Citibank, N.A., Deutsche Bank Trust Co. Americas, Fortis Bank, HSBC Bank USA, N.A., JPMorgan Chase Bank, N.A., La Salle Bank, N.A., Standard Chartered Bank, USB AG, U.S. Bank N.A., Wachovia Bank, N.A. and/or Wells Fargo Bank, N.A in an amount up to and including $509,402,591, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and it is further

ORDERED that any person claiming an interest in the property attached or garnished pursuant to said order shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show cause why the attachment and garnishment should not be vacated or other relief granted; and it is further

ORDERED that supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court; and it is further

6237130-1

ORDERED that following initial service by the United States Marshal or other

designated process server upon each garnishee, that supplemental service of the Process

of Maritime Attachment and Garnishment, as well as this Order, may be made by way of

facsimile transmission to any garnishee that advises plaintiff that it consents to such

service; and it is further

ORDERED that service on any garnishee as described above is deemed effective

continuous service throughout the day from the time of such service through the opening

of the garnishee's business the next business day; and it is further

ORDERED that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D) each

garnishee may consent, in writing, to accept service by any other means; and it is further

ORDERED that a copy of this Order be attached to and served with said Process

of Maritime Attachment and Garnishment.

Dated: October    , 2007

SO ORDERED:

*Deborah A. Batts*
U.S.D.J. *10/30/07*

A CERTIFIED COPY
J. MICHAEL McMAHON;        CLERK

BY _____
DEPUTY CLERK

6237130-1

# EXHIBIT 2

ORIGINAL

BLANK ROME, LLP
Attorneys for Plaintiff
Jeremy J.O. Harwood (JH 9012)
405 Lexington Avenue
The Chrysler Building
New York, NY 10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SEATREK TRANS PTE LTD.,

                        Plaintiff,

            v.

REGALINDO RESOURCES PTE LTD.,

                        Defendant.

07 Civ. 551 (LAP)

**ORDER DIRECTING CLERK
TO ISSUE PROCESS OF
MARITIME ATTACHMENT
AND GARNISHMENT**

---

Upon reading and filing the Verified Complaint of Plaintiff, SEATREK TRANS

PTE LTD ("Plaintiff"), verified on January 22, 2008 by Jeremy J.O. Harwood, Esq., that

to the best of his information and belief, the Defendant REGALINDO RESOURCES

PTE LTD., cannot be found within this district, and the Court having found that the

conditions required by Rule B(1) of the Supplemental Rules for Certain Admiralty and

Maritime Claims of the Federal Rules of Civil Procedure exist,

**NOW**, upon motion of Blank Rome LLP, attorneys for Plaintiff, it is hereby,

**ORDERED**, that the Clerk of this Court is authorized to issue the Process of

Maritime Attachment and Garnishment against all assets, cash, funds, credits, wire

transfers, accounts, letters of credit, electronic fund transfers, freights, sub-freights,

charter hire, sub-charter hire, or any other tangible and/or intangible assets belonging to, due, claimed by, being held for or on behalf of, or being transferred for the benefit of Defendant, including, but not limited to any such assets as may be in the possession, custody or control of, or being transferred through any garnishee within this District, including, without limitation, assets held by or at:

1.  The Bank of New York
2.  Bank of America
3.  JP Morgan Chase
4.  ABN Amro Bank
5.  American Express Bank
6.  Barclay's Bank
7.  BNP Paribas
8.  Citibank
9.  Deutsche Bank and/or Deutsche Bank Trust Co. Americas
10. Dresdner Bank AG
11. HSBC Bank USA
12. Bank of China

and said Order being equally applicable with respect to the issuance and service of additional Writs of Maritime Attachment and Garnishment upon any garnishees in this district not named herein, in an amount up to and including $3,777,200 pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that any person claiming an interest in the property attached or garnished pursuant to said Order shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show why the attachment and garnishment should not be vacated or other relief granted; and it is further

**ORDERED**, that supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court; and it is further

**ORDERED**, that following initial service by the United States Marshal or other designated process server upon each garnishee, supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be made by way of facsimile transmission or email to each garnishee and, it is further,

**ORDERED**, that service on any garnishee as described above is deemed continuous throughout the day from the time of such service through the opening of the garnishee's business the next business day; and, it is further,

**ORDERED**, that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D), each garnishee may consent, in writing, to accept service by any other means; and, it is further,

**ORDERED**, that a copy of this Order be attached to and served with the said Process of Maritime Attachment and Garnishment.

Dated: *January 23*, 2008

SO ORDERED:

A CERTIFIED COPY
J. MICHAEL McMAHON,                    **CLERK**

BY

DEPUTY CLERK

## SCHEDULE A

1.   The Bank of New York
2.   Bank of America
3.   JP Morgan Chase
4.   ABN Amro Bank
5.   American Express Bank
6.   Barclay's Bank
7.   BNP Paribas
8.   Citibank
9.   Deutsche Bank and/or Deutsche Bank Trust Co. Americas
10.  Dresdner Bank AG
11.  HSBC Bank USA
12.  Bank of China

# EXHIBIT 3

ATTN: KARL V. REDA, ASST.
MANAGING CLERK - 1674

SEATREK TRANS PTE LTD.,

Index #: 08 CIV 00551 (LAP)

Plaintiff(s)

- against -

Date Filed:

REGALINDO RESOURCES PTE LTD.

**AFFIDAVIT OF SERVICE**

Defendant(s)

Attorney File #1: 900200.00001

STATE OF NEW YORK: COUNTY OF NEW YORK ss:

SIEH CLARK BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on January 24, 2008 at 03:40 PM at

120 BROADWAY, 19TH FL
NEW YORK, NY10271

deponent served the within true copy of the PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT, SUMMONS & VERIFIED COMPLAINT, ORDERS (2) & AFFIDAVIT IN SUPPORT on THE BANK OF NEW YORK, the defendant/respondent therein named,

**CORPORATION** by delivering thereat a true copy of each to MS. ALICIA LORDY personally, deponent knew said corporation so served to be the corporation described in said PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT, SUMMONS & VERIFIED COMPLAINT, ORDERS (2) & AFFIDAVIT IN SUPPORT as said defendant/respondent and knew said individual to be the GENERAL-AGENT thereof.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|---|---|---|---|---|---|
| FEMALE | TAN | BROWN | 33 | 5'8 | 160 |

Sworn to me on: January 25, 2008

Linda Forman
Notary Public, State of New York
No. 01FO5031305
Qualified in New York County
Commission Expires August 1, 2010

Robin M. Forman
Notary Public, State of New York
No. 01FO6125415
Qualified in New York County
Commission Expires April 18, 2009

Larry Yee
Notary Public, State of New York
No. 01YE5015682
Qualified in New York County
Commission Expires July 26, 2009

**SIEH CLARK**
License #: 1187234
Docket #: 520677

# EXHIBIT 4



| Phone: | (212) 885-5149 |
| Fax: | (917) 332-3720 |
| Email: | JHarwood@BlankRome.com |

February 6, 2008

## BY FEDEX

Regalindo Resources Pte Ltd.
1 North Bridge Road
# 16-08 High Street Centre
Singapore  179094

> Re:   Seatrek Trans Pte Ltd. v. Regalindo Resources Pte Ltd.
>        SDNY CV 551
>        Our Ref. No.: 129054-00601

Dear Sir or Madam:

We represent Seatrek Trans Pte Ltd. in the above-referenced lawsuit. We write to advise you that pursuant to an ex parte order of maritime attachment and garnishment issued in the above-referenced lawsuit, your property was attached at Bank of New York on or about February 5, 2008 in the sum of $249,975.00.

We enclose the Complaint filed in the above-referenced lawsuit. If you have any questions or concerns, please contact us at your convenience. This letter is sent pursuant to Local Rule B.2 of the Local Rules for the United States District Court for the Southern District of New York.

Very truly yours,

Jeremy J.O. Harwood

JJH:rk
Enc.

# EXHIBIT 5

## ORIGINATING SUMMONS

### IN THE HIGH COURT OF THE REPUBLIC OF SINGAPORE

Originating Summons )
No. 2**46** of 2008 / **Q** )

> In the matter of an alleged charterparty dated 21 November 2007 between Seatrek Trans Pte Ltd and Regalindo Resources Pte Ltd

> and/or

> In the matter of the International Arbitration Act (Cap 143A) or the Arbitration Act (Cap 10)

> and

> In the matter of an arbitration between Seatrek Trans Pte Ltd as Claimants and Regalindo Resources Pte Ltd as Respondents

BETWEEN

**REGALINDO RESOURCES PTE LTD**
(RC No. 198600136W)

... Plaintiffs

AND

**SEATREK TRANS PTE LTD**
(RC No. 199904168Z)

... Defendants

Let all parties concerned attend before the Judge / Registrar in chambers on the

day of          2008 at          a.m./p.m. on the hearing of an application by

the Plaintiffs for the following relief: -

ĭ

2

1.   Time for service of this summons be abridged, if necessary;

2.   The Defendants, whether by their officers, servants or agents or any of them or
     otherwise howsoever, be forthwith restrained and an injunction be granted
     restraining them from continuing and/or proceeding with the action brought by
     them against the Plaintiffs in the United States of America in the United States
     District Court, Southern District of New York under Case Number 08 CIV
     00551(LAP) ("the New York Proceedings"), until further order by this
     Honourable Court;

3.   The Defendants release all monies of the Plaintiffs which have been attached
     pursuant to the Order for Maritime Attachment and Garnishment pursuant to Rule
     B of the Supplemental Rules for Admiralty or Maritime Claims and Asset
     Foreclosure Actions obtained by the Defendants on 23 January 2008 in the New
     York Proceedings ("the Rule B Attachment") including but not limited to the sum
     of US$249,975.00 attached at The Bank of New York on or about 5 February
     2008;

4.   Costs of this application be provided for; and

3

5.    Such further or other relief that this Honourable Court deems fit.

Dated this 26th day of February 2008

**REGISTRAR**

*Memorandum to be subscribed on the summons.*

This summons is taken out by M/s KhattarWong of 80 Raffles Place #25-01 UOB Plaza 1 Singapore 048624, solicitors for the Plaintiffs whose address is 1 North Bridge Road #16-08 High Street Centre Singapore 179094.

*Note:* This summons may not be served more than 6 calendar months after the above date unless renewed by order of the Court.

If a defendant does not attend personally or by his counsel or solicitor at the time and place abovementioned such order will be made as the Court may think just and expedient.

Unless otherwise provided in any written law, where the plaintiff intends to adduce evidence in support of an originating summons he must do so by affidavit, and must file the affidavit or affidavits and serve a copy thereof on every defendant not later than 7 days after the service of the originating summons.

# EXHIBIT 6

*Plaintiffs: 1ˢᵗ: Donald J. Kennedy: 26.02.08*

## IN THE HIGH COURT OF THE REPUBLIC OF SINGAPORE

Originating Summons )
No. 246 of 2008/ Q )

> In the matter of an alleged charterparty dated 21 November 2007 between Seatrek Trans Pte Ltd and Regalindo Resources Pte Ltd

> and/or

> In the matter of the International Arbitration Act (Cap 143A) or the Arbitration Act (Cap 10)

> and

> In the matter of an arbitration between Seatrek Trans Pte Ltd as Claimants and Regalindo Resources Pte Ltd as Respondents

### BETWEEN

### REGALINDO RESOURCES PTE LTD
(RC No. 198600136W)

... Plaintiffs

### AND

### SEATREK TRANS PTE LTD
(RC No. 199904168Z)

... Defendants

## AFFIDAVIT

I, **DONALD J. KENNEDY** (US Passport No. 208833434), care of 2 Wall Street,

New York, NY 10005, United States of America do solemnly make oath and say as

follows:-

6284785.2

2

1.    I am a partner of the law firm of Carter Ledyard & Milburn LLP, the New York
      lawyers for the Plaintiffs. I am duly authorized to make this affidavit on behalf of
      the Plaintiffs.

2.    I have been a member of the bar of the State of New York since 1973 and
      admitted to practice before the United States Supreme Court. I am also admitted
      to practice in the United States Court of Appeals for the Second, Third and
      Eleventh Circuit, United States District Court for the Southern and Eastern
      Division of New York and the District of Columbia. I have been practicing
      admiralty and maritime law since 1973 and represented clients in maritime
      attachment and garnishment cases. I am currently a member of the Board of
      Directors of the Maritime Law Association of the United States.

3.    Unless otherwise stated, the facts and matters deposed to herein are within my
      personal knowledge. Insofar as the facts and matters deposed to herein are within
      my personal knowledge, they are true to the best of my recollection; and insofar
      as the facts deposed herein are not within my personal knowledge, they are true to
      the best of my information and belief being derived from the information and
      documents made available to me in my aforesaid capacity.

6284785.2

**3**

4.    I make this affidavit in support of the Plaintiffs' application herein for, *inter alia*,:-

(i)    an injunction restraining the Defendants, whether by their officers, servants or agents or any of them or otherwise howsoever, from continuing and/or proceeding with the action brought by them against the Plaintiffs in the United States of America in the United States District Court, Southern District of New York under Case Number 08 CIV 00551(LAP) ("the New York Proceedings") until further order by this Honourable Court; and

(ii)    an order for the Defendants to release all monies of the Plaintiffs attached pursuant to the Order for Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions obtained by the Defendants on 23 January 2008 in the New York Proceedings ("the Rule B Attachment") including but not limited to the sum of US$249,975 attached at The Bank of New York on or about 5 February 2008.

6284785.2

# 4

## Institution of New York Proceedings by the Defendants

5.    On 22 January 2008 the Defendants, through their New York lawyers, Blank Rome LLP, commenced an action in the United States District Court, Southern District of New York under Case Number 08 CIV 00551(LAP).

6.    The Defendants filed a Complaint together with an *ex parte* application for the issuance of process of maritime attachment and garnishment pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (i.e. the Rule B Attachment). The Defendants sought the process of maritime attachment and garnishment in order to obtain *quasi in rem* jurisdiction over the Plaintiffs and to obtain security in the amount of US$3,777,200 for an alleged claim against the Plaintiffs for breach of a time charter agreement for the vessel M/V "Startec" dated on or about 21 November 2007 ("the Alleged Charterparty"). After the Court in New York granted the application and issued process, the Defendants, as an effort to attach any of the Plaintiff's electronic fund transfers ("EFT's") being sent from an originator's bank via an intermediary bank(s) in New York to a beneficiary's bank, served the process on maritime attachment and garnishment on the garnishee, The Bank of New York ("BONY").

6384785.2

**5**

7. Exhibited hereto at **"DJK-1"** are copies of the Civil Docket sheet for the New York Proceedings, the Verified Complaint dated 22 January 2008, the Affidavit of Jeremy J.O. Harwood under Supplemental Rule B sworn on 22 January 2008 and the *ex parte* Order Directing Clerk To Issue Process of Maritime Attachment and Garnishment dated 23 January 2008 ("the Order Directing Clerk To Issue Process"). We do not have a copy of the Rule B Process of Maritime Attachment and Garnishment.

8. I am informed by the Plaintiffs that they had on or about 5 February 2008 requested that their bank in Singapore, the Singapore branch of The Hong Kong and Shanghai Banking Corporation Limited, to transfer US$250,000 to CV Baramakmur Kalimantan ("BK") being partial payment of the price of Indonesian steam coal supplied by BK.

9. I am further informed that:

   (a) the name and address of BK's bank in Jakarta, Indonesia which was to receive the sum of US$250,000 are as follows:

   | | |
   |---|---|
   | Name: | PT BANK NISP TBK |
   | Address: | Komplex. Perumahan Green Garden |
   | | Blok 1 - 9 No. 24 |
   | | Jl. Raya Panjang (Arteri Kedoya) Jakarta 11520, Indonesia |
   | Acc. No.: | 720.150.088891 |
   | Swift Code: | NISPIDJA |

6284785.2

**6**

(b)    The said electronic fund transfer initiated by the Plaintiffs is unrelated to the subject of the lawsuit in the New York Proceedings.

(c)    The said fund transfer between Singapore and Jakarta, Indonesia was restrained in the sum of US$249,975 ("the Attached Sum") by BONY, being the intermediary bank, as a result of the Rule B Attachment obtained by the Defendants.

10.    A New York bank was involved as an intermediary bank only because the funds transfer was denominated in US Dollars. Most US Dollar transactions are "cleared" in New York through one or more intermediary banks.

11.    I am informed by the Plaintiffs that they first learnt of the New York Proceedings and the attachment of the Attached Sum at BONY when they received a letter dated 6 February 2008 from Defendant's New York attorney, Blank Rome LLP. A copy of the said letter (without the enclosures) is exhibited at **"DJK-2"**. I am also informed that a copy of the Rule B Attachment was not provided to the Plaintiffs under cover of the said letter.

12.    I am instructed by the Plaintiffs that they dispute the existence of the Alleged Charterparty.

7

## Typical service of the Rule B Attachment

13. The Order Directing Clerk To Issue Process states that the Clerk is authorized to issue the process of maritime attachment and garnishment against, *inter alia*, "*electronic fund transfers ... being transferred for the benefit of Defendant [Regalindo Resources PTE Ltd.], including ... being transferred through any garnishee ...*" and then lists 12 major banks in New York including BONY (collectively "the Garnishees").

14. The Order Directing Clerk To Issue Process also provides in part "*that service on any garnishee as described above is deemed continuous throughout the day from the time of such service through the opening of the garnishee's business the next business day.*"

15. Since the Defendants obtained the Rule B Attachment on 23 January 2008, they would typically serve the same process of maritime attachment and garnishment by email on the 12 banks every morning and continue to serve it every day until the amount of US$3,777,200.00 is attached.

## Challenge of the Complaint and the Rule B Attachment

16. We have on 25 February 2008 entered a restricted appearance in the New York Proceedings on behalf of the Plaintiffs and submitted a motion to dismiss the

6284785.2

# 8

Defendants' Complaint and vacate the Rule B Attachment. The hearing date of the motion is 25 March 2008.

## The New York Proceedings are vexatious and/or oppressive to the Plaintiffs - Attachment of EFT passing through an intermediary bank in New York

17.    As a general rule, every EFT denominated in US Dollars "clears" through an intermediary bank in New York.  In *Winter Storm Shipping, Ltd. v. TPI*, 310 F.3d 263, 273 (2d Cir. 2002) ("the *Winter Storm* case"), the United Sates Court of Appeals for the Second Circuit held that an EFT at intermediary bank is subject to maritime attachment pursuant to Rule B. Since EFT's are completed within a minute or so, it would be difficult to serve an intermediary bank in New York with process of Rule B maritime attachment at the exact second the EFT was passing through the intermediary bank and "catch" the EFT. Many of the intermediary banks in New York, as a matter of convenience, have consented to an arrangement whereby they agree to accept service of the Rule B attachment by email at the beginning of the banking day and agree to block any EFT's through that day and until the opening of business the next day. The effect of this is that when the Rule B maritime attachment is served on the bank and nothing is there, the bank will block the EFT if it arrives at the intermediary bank later that day.

9

18.     The rule in *Winter Storm* case has been questioned by a different panel of judges in the Second Circuit and there is a case on appeal challenging this rule.

19.     In the event an originator of an EFT wanted to commence legal proceedings against an intermediary bank in New York for not completing the EFT, in all likelihood they would not be successful. New York law prevents an originator of a funds transfer from suing an intermediary bank based upon the United States Court of Appeals for the Second Circuit decision in *Grain Trader, Inc. v Citibank, N.A.* C.A. 160 F.3d 97 which held that New York law prevents an originator of a fund transfer from suing an intermediary bank.

19.     The combination of the *Winter Storm* rule and the conduct of certain banks described above create a situation where virtually all EFT's in US Dollars passing through an intermediary bank in New York are subject to Rule B maritime attachment. Under these circumstances, in the event an intermediary bank engaged in conduct that could be viewed as damaging to the rights of an originator of an EFT, the originator most likely would not have a cause of action against the intermediary bank under New York law.

20.     I humbly pray that this Honourable Court grants an order in terms of the Plaintiffs' application.

6284785.2

10

Sworn in New York, United States of America     )

by the abovenamed **DONALD J. KENNEDY**     )

on this 25th day of February 2008     )

BEFORE ME,

A NOTARY PUBLIC

CLAIRE HERNANDEZ
Notary Public, State of New York
No. 01HE4971300
Qualified in Kings County
Commission Expires Aug. 27, 2010

This affidavit is filed on behalf of the Plaintiffs

6284785.7

# EXHIBIT 7

# EXHIBIT 7



**BLANK** **ROME** LLP
COUNSELORS AT LAW

*Phone:*  *(212) 885-5149*
*Fax:*  *(917) 332-3720*
*Email:*  *JHarwood@BlankRome.com*

February 27, 2008

**BY FACSIMILE**

The Honorable Loretta A. Preska
United States District Judge
United States District Court
Southern District of New York
500 Pearl St., Room 1320
New York, NY 10007

> Re:  Seatrek Trans Pte Ltd. v. Regalindo Resources Pte Ltd.
> SDNY Docket#: 08 Civ. 00551 (LAP)
> Our Ref.: 129054-00601

Dear Judge Preska:

We are attorneys for Plaintiff Seatrek Trans Pts. Ltd. ("Seatrek") in the captioned Supplemental Admiralty Rule B action, the merits of which are to be determined by a pending Singaporean arbitration. Seatrek on or about February 5, 2008 successfully attached $249,975 originated by defendant Regalindo Resources Pts. Ltd. ("Regalindo"). Notice of that attachment was provided by us the following day by courier and received by Regalindo, in Singapore, allegedly on February 11, 2008.

## THE ORDER TO SHOW CAUSE

On February 25th Regalindo obtained an order to show cause, returnable, on March 25th as to why the attachment order issued by the Court should not be vacated.

## THE ATTACK ON THE ATTACHMENT ORDER IN SINGAPORE

In neither of Regalindo's two affidavits nor in its memorandum of law seeking vacatur is there any mention of the "Originating Summons" dated February 26, 2008, heard today on an expedited basis in Singapore, seeking, inter alia, (i) an injunction against Seatrek "continuing and/or proceeding with the action" in this Court and (ii) an order for the "release of all monies ... which have been attached ...". (the "Application") That Application was supported inter alia,



The Honorable Loretta A. Preska
February 27, 2008
Page 2

by an affidavit of Regalindo's U.S. counsel, Donald Kennedy, Esq., dated February 25, 2008, asserting that the action here is "vexatious and/or oppressive". The affidavit makes passing reference to the Order to Show Cause.

Seatrek's Singapore counsel asked for an adjournment in order to be able to provide a rebuttal affidavit, which was granted until March 4, with a hearing set for March 7 on Regalindo's Application.

As a condition of granting an adjournment Regalindo requested and the Singapore Court ordered that Seatrek cease daily service of the attachment order on the garnishee banks in New York, which we have done.

## RELIEF REQUESTED

We are greatly concerned that exactly the concerns about a "rush to judgment" in competing jurisdictions and, particularly, a direct threat to the issuing Court's quasi in rem jurisdiction are at issue here that would warrant this Court issuing its own anti-suit injunction. See American Home Assur. Co. v. Insurance Corp. of Ireland, Ltd., 603 F. Supp. 636, 643 (S.D.N.Y. 1984); China Trade and Dev. Corp. v. M/V Choong Yong, 837 F.2d 33, 36 (2d Cir. 1987).

In view of the Court's previously set schedule on Regalindo's Order to Show Cause, and rather than submit our own ex parte Order to Show Cause seeking inter alia, an anti-suit injunction and accounting, we respectfully request an emergency conference so that Regalindo's counsel can explain his client's actions and we can obtain, if necessary, an expedited briefing schedule so that the Singapore Court does not rule on the Application without this Court's knowledge and approval.

Respectfully submitted,

Jeremy J.O. Harwood

JJH:cps

cc:    Donald J. Kennedy, Esq. -- By Facsimile
       Attorney for Defendant