```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X
                                    :
SEATREK TRANS PTE LTD.,             :    08 Civ. 551 (LAP)
                                    :
                Plaintiff,          :    MEMORANDUM AND ORDER
                                    :
        v.                          :
                                    :
REGALINDO RESOURCES PTE LTD.,       :
                                    :
                Defendants.         :
                                    :
- - - - - - - - - - - - - - - - - -X
```

LORETTA A. PRESKA, U.S.D.J.

  Plaintiff Seatrek Trans Pte Ltd. is a foreign corporation organized under the laws of Singapore that owns M/V Staretek. (Compl. ¶ 2.) Defendant Regalindo Resources Pte Ltd., also organized under the laws of Singapore, allegedly entered into and subsequently breached an agreement to charter the M/V Staretek. (Id. ¶¶ 4, 9-11, 14.) That agreement is allegedly governed by English law and requires arbitration in Singapore. (Id. ¶ 7.)

  Plaintiff commenced this action by filing a complaint and an ex parte application for the issuance of process of maritime attachment under Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Rules"). The Court granted that application on January 23, 2008, and Plaintiff then served, among others, the Bank of New York Mellon ("BNYM") with the process of attachment, initially, by personal service

1

effected through an independent process server and, thereafter, each day by electronic service. (Harwood Aff. ¶¶ 6, 8.) Such service was contemplated by the Court's Order, which states that, "following the initial service . . . , supplemental service . . . may be made by way of facsimile transmission or email to each garnishee . . . ." (Order Directing Clerk to Issue Process of Maritime Attachment and Garnishment ("Order") at 3, Seatrek Trans Pte Ltd. v. Regalindo Resources Pte Ltd., No. 08 Civ. 551 (S.D.N.Y. Jan. 23, 2008).) Plaintiff alleges, and Defendant did not dispute at argument, that BNYM "has a long-standing agreement that following the initial personal service . . . it will accept subsequent service by electronic means . . . ." (Id. ¶ 7.) Defendant also provides an email from Mr. Kevin McGee, counsel for BNYM, wherein he states that "[t]here was/is no written agreement between plaintiff's counsel and the Bank with regard to supplemental service of process [but,] as is [BNYM's] standard practice, where the Court's original order permits facsimile service of process, the Bank will accept supplemental service of Process by facsimile." (Kennedy Supp'l Aff., Ex. D (McGee Email).) The Court's Order also stated "that service on any garnishee as described above is deemed continuous throughout the day from the time of such service through the opening of the garnishee's business the next business day . . . ." (Order at 3, Seatrek, No. 08 Civ. 551.) Plaintiff also

2

alleges, without contradiction, that this provision conforms to BNYM's long-standing practice. (Harwood Aff. ¶ 7.)

On or about February 5, 2008, Defendant directed its bank, the Hong Kong and Shanghai Banking Corporation Limited, to transfer $250,000 to the Indonesian bank of another corporation, CV Baramakmur Kalimantan ("BK"), as partial payment for Indonesian steam coal supplied by BK. (Chew Decl. ¶ 4.) On February 5, 2008, the resulting electronic funds transfer ("EFT") was routed through BNYM, which restrained the funds pursuant to Plaintiff's process of attachment served that morning. (Harwood Aff. ¶¶ 9-10.)

Defendant now makes a limited appearance to move this Court (1) to release the restrained funds, (2) enjoin Plaintiff from serving the process of attachment elsewhere, and (3) recover its costs and fees incurred in this action. Defendant advances several arguments to support its motion. Each is addressed below, and, finding them wanting, the motion is DENIED.[1]

Defendant's first two arguments essentially attempt an end run around the Court of Appeals' decision in <u>Winter Storm Shipping Ltd. v. TPI</u>, 310 F.3d 263 (2d Cir. 2002). Thus, Defendant first argues that the attachment should be vacated

---

[1] The Court of Appeals' decision in <u>Winter Storm Shipping Ltd. v. TPI</u>, 310 F.3d 263 (2d Cir. 2002), essentially occupies the field of law governing maritime attachments in this District, and familiarity with that decision is assumed.

3

because Defendant lacks sufficient "minimum contacts" with this District to satisfy Due Process. (Def's Mem. 4 (citing Schaffer v. Heitner, 433 U.S. 186 (1977)).) It also argues that an EFT in the hands of an intermediary bank is not "tangible or intangible property" within the meaning of Supplemental Rule B, and, therefore, that the EFT in this case should not have been attached. (Def's Mem. 9 (citing U.C.C. § 4-A-503).) With respect to the first argument, Winter Storm clearly held that the requirements of Due Process were satisfied under those circumstances, regardless of whether it was under Schaffer's "minimum contacts" or otherwise. See Winter Storm, 310 F.3d at 273. Finding no factual distinction between the two cases, the Court concludes that Winter Storm controls this motion, and, thus, Defendant's Due Process argument is foreclosed. Defendant's second argument was also clearly answered by Winter Storm in the negative, see id. at 278-79, and, while that question may currently be the subject of an appeal, see Consub Delaware LLC v. Schahin Engenharia Limitada, No. 07-0833 (2d Cir. docketed Apr. 20, 2007), Winter Storm continues to control this Court. Thus, Defendant's second argument also fails.

Defendant's third and fourth arguments attack the method of service employed and the attachment's "life span." Both parties concede that the Federal Rules of Civil Procedure and the Supplemental Maritime Rules allow alternate methods of service,

4

as by facsimile or electronically, only upon consent of, in this case, the garnishee and garnishor. (Def's Mem. 15-16; Pl's Opp'n 15.) Similarly, the parties concede both the existence of the "after-acquired property" rule, see Reibor International Ltd. v. Cargo Carriers (KACZ-CO.) Ltd., 759 F.2d 262 (2d Cir. 1985), and the fact that application of that doctrine may be waived by agreement of the garnishee. (Def's Mem. 13-14; Pl's Mem. 14-15.) Defendant argues, however, that the inclusion, ex ante, of that which could have been agreed to by the garnishee ex post violates both Reibor and the Federal Rules. Similar concerns were addressed by Judge Castel in Ythan Ltd. v. Americas Bulk Transport Ltd., 336 F.Supp.2d 305 (S.D.N.Y. 2004), where he held that a garnishee could agree to consider an initial service of process to be effective for the entire day. That holding issued largely from a recognition that the "after-acquired property" rule is designed for the garnishee's convenience and can thus be waived at its convenience. See id. at 307-08. The same logic applies here. The Court finds that there was a standing agreement between counsel for Plaintiff and BNYM both at to the method of service and the duration of process. Defendant's concern that the Order's provisions antedates any actual agreement is factually incorrect: as counsel acknowledged at argument, and as experience with the greatly-expanded maritime attachment practice post-Winter Storm confirms, the "long-

standing" practice in question in fact antedates this action. That it was reflected in the Order is thus immaterial.

Finally, Defendant argues that the complaint should be dismissed under forum non conveniens, pursuant to Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., 127 S.Ct. 1184 (2007). Plaintiff responds, and the Court agrees, that there is clear authority supporting the practice of obtaining a merits adjudication in one forum and initiating a maritime attachment proceeding in another forum to secure any potential award. (Pl's Opp'n 18 (citing Result Shipping Co., Ltd. v. Ferruzzi Trading USA Inc., 56 F.3d 394, 399 (2d Cir. 1995).) Indeed, it would appear that this is a fundamental purpose of Supplemental Rule B and the institution of maritime attachment generally. See Winter Storm, 310 F.3d at 268. As such, this argument is rejected.

For these reasons, the Defendant's motion is DENIED.

DATED:   New York, New York

March 26, ~~2007~~ 2008

*Loretta A. Preska*

LORETTA A. PRESKA, U.S.D.J.