Donald J. Kennedy
Gary D. Sesser
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, NY 10005
Tel: (212) 732-3200
Fax: (212) 732-3232
*Attorneys For Defendant Regalindo Resources Pte Ltd.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

SEATREK TRANS PTE LTD.,

                    Plaintiff,              08 CIV 00551 (LAP)

      v.

REGALINDO RESOURCES PTE LTD.,

                    Defendant.

------------------------------------------------------------------X

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION
FOR RECONSIDERATION OR IN THE ALTERNATIVE
<u>FOR CERTIFICATION OF APPEAL PURSUANT TO 28 U.S.C. §1292(b)</u>**

Donald J. Kennedy
Gary D. Sesser
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, NY 10005
Tel: (212) 732-3200
Fax: (212) 732-3232
*Attorneys For Defendant Regalindo Resources Pte Ltd.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

SEATREK TRANS PTE LTD.,

          Plaintiff,          08 CIV 00551 (LAP)

v.

REGALINDO RESOURCES PTE LTD.,

          Defendant.
-----------------------------------------------------------------X

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OR IN THE ALTERNATIVE FOR CERTIFICATION OF APPEAL PURSUANT TO 28 U.S.C. §1292(b)**

## Table of Contents

BACKGROUND ............................................................................................................................. 1
ARGUMENT ................................................................................................................................. 1

    1. Request for Reconsideration ............................................................................................. 4
    2. Certification for Appeal .................................................................................................... 4

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Aqua Stoli Shipping Ltd. v. Gardiner Smith Pty Ltd.*, 460 F.3d 434 (2d Cir. 2006)............5

*Litzler v. CC Investments, LDC*, 02 Civ. 6313, 2003 U.S. Dist. LEXIS 11009 (S.D.N.Y. March 5, 2003)............4-5

*Romea v. Heiberger & Associates*, 988 F. Supp. 715 (S.D.N.Y. 1998)............5

*Shaffer v. Heitner*, 433 U.S. 186 (1977)............3-4

*Shrader v. CSX Transport, Inc.*, 70 F.3d 255 (2d Cir. 1995)............4

*Victorija Porina et al v. Marward Shipping Co., Ltd.*, No. 06-5397-CV (2d Cir. decided April 1, 2008)............1-4

*Winter Storm Shipping, Ltd. v. TPI*, 310 F.3d 263 (2d Cir. 2002)............1-2, 5

## FEDERAL STATUTES

28 U.S.C. § 1292(b)............1, 4-5

Based on the April 1, 2008 Second Circuit decision in <u>Victorija Porina et al v. Marward Shipping Co., Ltd.</u>, No. 06-5397-CV (2d Cir. decided April 1, 2008) ("<u>Victorija Porina</u>"), Defendant Regalindo Resources Pte Ltd. ("Regalindo") respectfully moves for reconsideration of the Court's March 26, 2008 Memorandum and Order in this case (the "Order") pursuant to Southern District of New York Local Civil Rule 6.3. In the alternative, Regalindo moves for an amendment of the Order to include certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

## BACKGROUND

This action was commenced by the plaintiff Seatrek who filed a complaint together with an *ex parte* application for the issuance of process of maritime attachment and garnishment on or about January 22, 2008. Seatrek sought the process of attachment in order to obtain *quasi in rem* jurisdiction over the defendant, Regalindo, and to obtain security for an alleged claim against Regalindo for breach of the fixture agreement for the M/V Startec. Seatrek served the process of maritime attachment and garnishment on the garnishee herein, The Bank of New York Mellon ("BNYM"), and an electronic fund transfer that Regalindo requested be made to CV Baranshmur Kalimantan ("BK") in Jakarta, Indonesia was attached. This funds transfer between Singapore and Jakarta, Indonesia was blocked by BNYM due to Seatrek's maritime attachment. It is undisputed that Regalindo's only "contact" with the United States is the EFT passing through an intermediary bank in New York.

## ARGUMENT

The Court's Order of March 26, 2008 found that Regalindo's EFT was subject to maritime attachment because:

> <u>Winter Storm</u> clearly held that the requirements of Due Process were satisfied under those circumstances, regardless of whether it was under <u>Shaffer's</u> "minimum contacts" or otherwise. See <u>Winter Storm</u>, 310 F.3d at 273. Finding no factual distinction between the two

6314888.4

1

cases, the Court concludes that Winter Storm controls this motion, and, thus, Defendant's Due Process argument is foreclosed. (Order, p. 4).

On April 1, 2008, the Second Circuit issued its opinion in Victorija Porina, which calls into question this Court's rejection of Regalindo's substantive due process argument. In Victorija Porina, the Second Circuit ruled that the court did not have personal jurisdiction over a foreign shipowner whose ship was involved in a fatal collision in foreign waters. In that case, the ship had made a number of calls in United States ports in recent years, but always at the direction of the long-term time charterer. The Second Circuit held that since the ship owner did not control the port calls of the ship, it had not availed itself of the advantages of doing business in the United States in a manner sufficient to support personal jurisdiction under the Due Process Clause of the Fifth Amendment to the Constitution.

In this case, this Court proceeded under the assumption that Winter Storm held that an electronic funds transfer (EFT) in the hands of an intermediary bank satisfied the requirement of Due Process "regardless of whether it was under Shaffer's 'minimum contacts' or otherwise." (Order, p. 4). Although Victorija Porina, is not a quasi in rem case, it is a case within admiralty jurisdiction. The Victorija Porina decision clearly stands for the proposition that in admiralty, a non-resident's involuntary contacts with the United States are not sufficient to subject a defendant to jurisdiction. In other words, involuntary contacts with the United States "don't count" under the due process minimum contacts analysis.

Here, Regalindo's only contact with the United States is the involuntary routing of a wire transfer between banks in Singapore and Jakarta, Indonesia through an intermediary bank in New York. The only contact in this case was involuntary and far less consequential than the contacts in Victorija Porina.

6314888.4

2

There, the contacts included (1) a charter party providing for "worldwide" trading; (2) the intended trading area included "U.S. Gulf ... U.S. East Coast ..."; (3) the vessel in question was part of a fleet of vessels dedicated to a trade between Russia and U.S.A. and the vessel docked over sixty times in the United States. Victorija Porina, at 2-3. Recognizing that a defendant must "purposefully avail itself of the privilege of conducting activities within the forum," the Second Circuit rejected plaintiff's reliance on the vessel's repeated American port calls as sufficient contact because "none of the visits were made at Marward's direction." Id. at 9. The Second Circuit concluded its analysis by noting:

> The unilateral activities of third parties - here, the Charterers - cannot, in themselves, satisfy the requirement of contact with the forum.

Id. Similarly in this case, the activities of banks processing EFTs cannot satisfy the requirement of purposeful contacts with the forum.

It is respectfully submitted that where such Fifth Amendment due process analysis is undertaken in this case, the court would conclude that it does not have jurisdiction over Regalindo because the due process requirements set forth by the Second Circuit in Victorija Porina have not been met. An analysis of minimum contacts always must be done on a case-by-case basis. The only contact in this case was the momentary and involuntary presence of the EFT. The U.S. Supreme Court in Shaffer v. Heitner, 433 U.S. 186 (1977), stated that the mere presence of property in a jurisdiction is not sufficient to confer quasi in rem jurisdiction. 433 U.S. at 213.

The Second Circuit's unambiguous statement in Victorija Porina, casts doubt on the validity of Plaintiffs' seizure of funds in this case, and requires reconsideration, or in the alternative, an immediate certification for appeal.

6314888.4

3

1. **Request for Reconsideration**

A motion for reconsideration may be granted where "the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (finding the district court did not abuse its discretion in reconsidering its ruling where movant introduced relevant additional case law and legislative history the district court had overlooked). Here, the Second Circuit's decision in Victorija Porina, since it was rendered after the date of the Order, was not discussed in the briefs or at argument. In addition, because the Order was issued before the issuance of the Second Circuit's opinion, this Court was unable to consider the impact of Victorija Porina, in the context of a Due Process and a minimum contacts analysis under Shaffer, and, by extension, the validity of the attachment of Regalindo's EFT.

Due to the unique circumstances presented by this case, where a new development in controlling law may directly impact the continued viability of the attachment of Regalindo's funds as well as the Court's only basis of jurisdiction over Regalindo, Regalindo's request for reconsideration should be granted by the Court.

2. **Certification for Appeal**

In the alternative, movant requests, pursuant to 28 U.S.C. § 1292(b), that the Court amend its August 1, 2006 Order to include certification for immediate interlocutory appeal. See Litzler v. CC Invs., LDC, 02 Civ. 6313, 2003 U.S. Dist. LEXIS 11009 (S.D.N.Y. March 5, 2003).

To certify an interlocutory appeal, a district court must find that the order (1) involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and

6314888.4

(3) that an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); Litzler, 2003 U.S. Dist. LEXIS 11009, at *3; Romea v. Heiberger & Assoc., 988 F. Supp. 715, 716 (S.D.N.Y. 1998). Each of these elements is present with regard to the Court's Order denying Regalindo's motion to vacate the attachment.

There are two controlling questions of law which merit an immediate appeal. The first is whether the momentary and involuntary presence of an EFT in New York, without any other U.S. contacts, is alone sufficient to satisfy the "minimum contacts" standard applicable to quasi in rem cases under Shaffer.

The second controlling question of law is whether an EFT in the hands of an intermediary bank is property of the sender of the EFT for purposes of a Rule B maritime attachment. This question was seemingly answered in Winter Storm, but in footnote 6 of Aqua Stoli Shipping Ltd. v. Gardiner Smith Pty Ltd., 460 F.3d 434 (2d Cir. 2006), the Second Circuit acknowledged that the correctness of its Winter Storm decision is "open to question." 460 F.3d at 436 n.6. As noted in the Aqua Stoli decision, New York state law does not permit the attachment of EFTs. Given the uncertainty already expressed by the Second Circuit, there is clearly a substantial ground for difference of opinion on this issue.

Finally, an immediate appeal of this Court's Order would materially advance the ultimate termination of this litigation. The Court's jurisdiction over Regalindo is based solely on the EFT being restrained at Bank of New York Mellon. If the Second Circuit vacates the attachment of Regalindo's funds, the case against Regalindo in New York will effectively be over.

6314888.4

*WHEREFORE*, Regalindo requests that the Court grant its motion for reconsideration or in the alternative amendment of the Order to include a certification for an interlocutory appeal.

Dated: New York, New York
April 8, 2008

                                      CARTER LEDYARD & MILBURN LLP

                                      By: _____
                                          Donald J. Kennedy
                                          Gary D. Sesser
                                          2 Wall Street
                                          New York, New York 10005
                                          (212) 732-3200
                                          *Attorneys For Defendant Regalindo Resources Pte Ltd.*

6314888.4

Donald J. Kennedy
Gary D. Sesser
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, NY 10005
Tel: (212) 732-3200
Fax: (212) 732-3232
*Attorneys For Defendant Regalindo Resources Pte Ltd.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

SEATREK TRANS PTE LTD.,

                Plaintiff,                08 CIV 00551 (LAP)

    v.

REGALINDO RESOURCES PTE LTD.,

                Defendant.
-----------------------------------------------------------------X

## **CERTIFICATE OF SERVICE**

    I am over the age of eighteen years, am not party to this proceeding and am employed as an Assistant Managing Clerk with the law firm of Carter Ledyard & Milburn LLP. I hereby certify that on the 8th day of April 2008, I caused true and correct copies of the annexed Defendant's Memorandum of Law in Support of its Motion for Reconsideration or in the Alternative for Certification of Appeal Pursuant to 28 U.S.C. Section 1292(b) to be served by mail upon the following:

6316170.1

JEREMY O. HARWOOD
Blank Rome LLP
The Chrysler Building
405 Lexington Avenue
New York, New York  10174


KEVIN L. MCGEE
Rawle & Henderson LLP
The Widener Building
One South Penn Square
Phildadelphia, PA 19107

_____
Antonio Malaspina