BLANK ROME LLP
Attorneys for Plaintiff
Jeremy J.O. Harwood (JH 9012)
405 Lexington Avenue
The Chrysler Building
New York, NY 10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SEATREK TRANS PTE LTD.,

                Plaintiff,

- against -

REGALINDO RESOURCES PTE LTD.,

                Defendant.

08 Civ. 00551 (LAP)

---

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OR CERTIFICATION OF AN ORDER DENYING VACATUR OF ADMIRALTY SUPPLEMENTAL RULE B PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT**

*Jeremy J.O. Harwood*
*Blank Rome LLP*
*405 Lexington Avenue*
*New York, NY 10174*
*(212) 885-5000*

129054.00601/6630147v.1

## PRELIMINARY STATEMENT

Seatrek Transport Pte Ltd. ("Seatrek") files this opposition brief to the motion and memorandum of law ("Brief") of Regalindo Resources Pte Ltd. ("Regalindo") dated April 8, 2008.

## THE BASIC FACTS

The Court, by memorandum opinion and order dated March 26, 2008 ("Order"), denied Seatrek's motion to vacate a Rule B attachment ("Attachment Order"). Thereafter Regalindo's application to the Singapore Court seeking to enjoin Seatrek in this action was heard on March 31, 2008 and taken under advisement. Regalindo represented to the Singapore Court that the Order, although interlocutory, was appealable under 28 U.S.C. § 1292(b) but did not further examine the grounds for certification.

1.   **Regalindo's Presence In The U.S.**

Regalindo's Brief claims that it is "undisputed that Regalindo's only 'contact' with the United States is the EFT passing through an intermediary bank in New York." Id. at 1. (emphasis added). It will be recalled that since February 27, 2008 Seatrek has been prohibited from daily service of the Attachment Order on garnishee banks so that millions of dollars may have passed through New York intermediary banks both before this suit was filed and after the "injunction." Indeed, if Regalindo had no intention of ever making U.S. dollar

1

EFTs it is hard to comprehend the considerable motion practice on the point in two jurisdictions.

Secondly, the declaration of Regalindo's managing director Phua Teck Chew dated February 22, 2008 referred only to its contacts with New York. (Id. ¶ 9). He made no reference whatsoever to Regalindo's jurisdictional "contacts" with the United States as a whole. That issue is disputed and if it is relevant, which is denied, subject to discovery.

## DISCUSSION

### POINT I

#### THERE IS NO VALID BASIS FOR RECONSIDERATION

Regalindo claims that Porina et al. v. Marward Shipping Co., 2006 U.S. Dist. LEXIS 60535 (S.D.N.Y. Aug. 24, 2006), 2006 U.S. Dist. LEXIS 81234 (S.D.N.Y. Nov. 7, 2006) aff'd 2008 U.S. Dist. LEXIS 6903 (2d Cir. Apr. 1, 2008) "calls into question this Court's rejection of Regalindo's substantive due process argument." Brief at 2. The argument is false.

Porina had asserted personal jurisdiction over Marward under F. R. Civ. P. Rule 4(k)(2). Marward had no jurisdictional contacts with the U.S. other than the chartered voyages to U.S. ports by its ship, although the ship had never called at New York while owned by Marward. 2006 U.S. Dist. LEXIS 60535 *4. Judge Patterson dismissed the complaint for lack of personal jurisdiction after allowing additional jurisdictional discovery. The Second Circuit affirmed after reviewing

the "constitutional minimum contacts inquiry for personal jurisdiction …". Id. at *12 (emphasis added). It held that Porina was required to satisfy the "more stringent minimum contacts test," following Supreme Court authority.[1] Id. at *13-14. It further held that the unilateral action of third party charterers in directing Marward's ship to U.S. ports did not "satisfy the heightened minimum contacts requirement for general jurisdiction over a non-resident." Id. at *17.

Nothing in Porina is precedential or even relevant to Rule B jurisdiction. The Court simply applied well-established Supreme Court precedent.

Regalindo admits that Porina is not a quasi in rem case. It nevertheless argues that because the Court's jurisdictional analysis was in the context of an admiralty case the "heightened minimum contacts" standard also applies to Rule B cases, despite Porina's assertion of jurisdiction under F. R. Civ. Rule 4(k)(2). The Order did not "overlook" the Supreme Court precedent followed by Porina because such authority was not relevant. The decision is inapposite and provides no principled basis for arguing for reconsideration or certification.

## POINT II

### REGALINDO CAN DEMONSTRATE NO VALID GROUND FOR CERTIFICATION FOR AN IMMEDIATE APPEAL

Regalindo pays lip service to the requirements of 28 U.S.C. § 1292(b). In 16 lines it claims to satisfy all three parts of the requirement for this Court to

---

[1] Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8, 104 S. Ct. 1869, 80 L. Ed. 2d 404 (1984).

3

129054.00601/6630147v.1

suggest that it was wrong and that the Second Circuit should hear an immediate appeal. Brief at 5.

This is despite the Court, at oral argument, stating:

> Counsel, interesting though this is, it does seem to me that Winter Storm and Aqua Stoli have laid to rest these issues.

Id. at p. 16.

The Order further stated that Regalindo's first two arguments (lack of sufficient "minimum contacts" and an EFT not being "tangible or intangible property" within the meaning of Rule B) "essentially attempt an end run around the Court of Appeal's decision in [Winter Storm]." Id., at 3. That is precisely what Regalindo unabashedly continues to do in its attempts to "end run" this Court's Order in the Singapore High Court.

## CONCLUSION

In the circumstances, Plaintiff respectfully requests that the Court deny Defendant's motion and grant such further relief as it may deem just.

Dated: New York, NY
April 9, 2008

BLANK ROME LLP
Attorneys for Plaintiff

By /s/ Jeremy Harwood,
Jeremy J.O. Harwood (JH 9012)
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
Tel.: (212) 885-5149

4

129054.00601/6630147v.1

## AFFIDAVIT OF SERVICE BY FEDERAL EXPRESS

STATE OF NEW YORK  )
                                   : ss.:
COUNTY OF NEW YORK  )

The undersigned being duly sworn, deposes and says:

That deponent is not a party to the action, is over 18 years of age. That on April 9, 2008, she caused to be served a true copy of the MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OR CERTIFICATION OF AN ORDER DENYING VACATUR OF ADMIRALTY SUPPLEMENTAL RULE B PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT by FedEx courier upon:

> Donald J. Kennedy, Esq.
> CARTER LEDYARD & MILBURN LLP
> 2 Wall Street
> New York, NY  10005
> Tel: 212-732-3200

_____
RENEE KINTZER

Sworn to before me this
9th day of April, 2008

_____
Notary Public

NEAL MITCHELL
Notary Public, State of New York
No. 01MI6114408
Qualified in New York County
Commission Expires Aug. 16, 20__

5

129054.00601/6630147v.1