UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x
SEATREK TRANS PTE LTD.         :
                               :
                Plaintiff,     :    08 Civ. 00551 (LAP)
                               :
     -against-                 :    MEMORANDUM AND ORDER
                               :
REGALINDO RESOURCES PTE LTD.,  :
                Defendant.     :
------------------------------x

LORETTA A. PRESKA, U.S.D.J.

   Defendant Regalindo Resources Pte Ltd. moves for reconsideration or, in the alternative, for certification of appeal purusuant to 28 U.S.C. §1292(b) of this Court's March 26, 2008 Order (the "Order") denying Defendant's motion to vacate a Rule B attachment.  For the following reasons, Defendant's motion is DENIED.

                         Background

   Plaintiff Seatrek Trans Pte Ltd. filed a complaint and an ex parte application for the issuance of process of maritime attachment on or about January 22, 2008, "to obtain quasi in rem jurisdiction over the defendant [] and to obtain security" for its claim of breach of a fixture agreement. (See Def's Mem 1.)[1] On January 23, 2008, the Court granted that application pursuant

---

[1] "Def.'s Mem." refers to Defendant's Memorandum of Law in Support of Its Motion for Reconsideration or in the Alternative for Certification of Appeal Pursuant to 28 U.S.C. § 1292(b) filed on April 8, 2008.

to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Rules"). Thereafter, Seatrek served the process of attachment on, inter alia, The Bank of New York Mellon, which subsequently restrained an electronic fund transfer ("EFT") initiated by Regalindo. (See Def's Mem. 1.)

On February 26, 2008, Defendant filed an Order to Show Cause as to why an order compelling Plaintiff to release Defendant's funds should not be granted. Following a hearing, this Court concluded, in an Order dated March 26, 2008, that Defendant's EFT was subject to maritime attachment under the Court of Appeals' holding in Winter Storm Shipping, Ltd. v. TPI, 310 F.3d 263, 273 (2d Cir. 2002).

Invoking the Court of Appeals' more recent decision in Victorija Porina et al v. Marward Shipping Co., Ltd., No. 06-5397-CV, 2008 WL 850301 (2d Cir. 2008), Defendant now suggests that reconsideration of this Court's Order is warranted or, in the alternative, that the Order should be amended to include certification for interlocutory appeal.

I. Discussion

---

[2] "Def.'s Mem." refers to Defendant's Memorandum of Law in Support of Its Motion for Reconsideration or in the Alternative for Certification of Appeal Pursuant to 28 U.S.C. § 1292(b) filed on April 8, 2008.

The district court has wide discretion in determining whether to grant a motion for reconsideration. See Baker v. Dorfman, 239 F.3d 415, 427 (2d Cir. 2000). Such a motion may be granted if the moving party demonstrates "'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Catskill Dev., L.L.C. v. Park Place Entm't Corp., 154 F.Supp.2d 696, 701 (S.D.N.Y. 2001) (quoting Doe v. N.Y. City Dep't Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983)).

Defendant argues that "the Victorija Porina decision clearly stands for the proposition that in admiralty, a non-resident's involuntary contacts with the United States are not sufficient to subject a defendant to jurisdiction. In other words, involuntary contacts with the United States 'don't count' under the due process minimum contacts analysis." (Def.'s Mem 2.) To the extent that the "involuntary contacts" in Victorija Porina were insufficient to ground jurisdiction in that case, argues Defendant, that analysis supercedes Winter Storm's conclusion that the contacts in that case, including involuntary contacts, were sufficient to ground jurisdiction.

Defendant, however, ignores a fundamental distinction between his case and Victorija Porina, which dooms his comparison. Plaintiffs in Victorija Porina, relying on Fed. R. Civ. P. 4(k)(2), sought to exercise personal jurisdiction over

the Defendant in that case. The case at bar deals specifically with quasi in rem jurisdiction asserted under Supplemental Rule B, not personal jurisdiction asserted under Rule 4(k)(2). Victorija Porina does not control the question presented in this case and, therefore, does not alter the conclusion previously reached by this Court.

In the alternative, Defendant has requested that the Court amend its August 1, 2006 Order to include certification, pursuant to 28 U.S.C. § 1292(b), for immediate interlocutory appeal. Such certification may be granted when the order in question "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. . . ." 28 U.S.C. § 1292(b).

This case involves two questions of law, neither of which involves any measure of doubt. The first question is "whether the momentary and involuntary presence of an EFT in New York, without any other U.S. contacts, is alone sufficient to satisfy the 'minimum contacts' standard applicable to quasi in rem cases under Shaffer." (Def's Mem. 5.) As the Court previously noted, that question is squarely answered by the Court of Appeals' holding in Winter Storm, 310 F.3d at 273. The second question is "whether an EFT in the hands of an intermediary bank is

property of the sender of the EFT for purposes of a Rule B maritime attachment." (Def's Mem. 5.) That question was also squarely resolved by Winter Storm, 310 F.3d at 278-79, and, though it may be the subject of an action pending in the Court of Appeals, see Consub Delaware LLC v. Schahin Engenharia Limitada, No. 07-0833 (2d Cir. docketed Apr. 20, 2007), the pendency of that action does not alter the present force of Winter Storm.

For the foregoing reasons, Defendant's motion [dkt. no. 20] is DENIED.

SO ORDERED:

Dated:   New York, New York
         April 30, 2008

*/s/ Loretta A. Preska*
LORETTA A. PRESKA, U.S.D.J.